LAHEY v. DORAN.

1. COVENANTS—BUILDING RESTRICTIONS — EXCEPTIONS — CONSTRUCTION OF CONTRACT.

In a suit by the owners of a subdivision to restrain defendants from erecting a four-family apartment on a certain lot in said subdivision, an exception in the original land contract of certain lots, including the one in question, *held*, to except them from all the restrictions in the paragraph rather than from the restriction in the preceding sentence only.

2. SAME—RESTRICTIONS IN LAND CONTRACT RUN WITH LAND.

Purchasers of land contracts from the original purchasers acquired the same rights to build, and no more, as those possessed by the original purchasers; the restrictions in said contracts running with the land.

Appeal from Wayne; Webster (Arthur), J. Submitted June 12, 1924. (Docket No. 82.) Decided July 24, 1924.

Bill by John A. Lahey and others against Mary Doran and others to enjoin the violation of certain building restrictions. From a decree for defendants, plaintiffs appeal. Affirmed.

*Louis Cohane* and *Friedman, Meyers & Keys,* for plaintiffs.

*Donnelly, Hally, Donnelly & Munro,* for defendants.

MCDONALD, J. The purpose of this action is to restrain the erection of a four-family building on lot 62 of Doran's LaSalle Boulevard Annex subdivision of certain land in the city of Detroit. The bill alleges

that the building is being constructed in violation of the building restrictions.     The subdivision consists of 149 lots, of which 41 front on Linwood avenue, designated as a business street, and the remaining 108 are residence lots.     Nearly all of the lots have been sold.     The plat contains no building restrictions but the plaintiffs claim that the lots, except the Linwood avenue frontage, were sold according to a general plan as shown by the contracts and deeds, restricting the buildings to either single or two-family residences. It was the opinion of the circuit judge that lot 62 was exempt from the building restrictions contended for by the plaintiffs.     He dismissed the bill.     From the decree entered the plaintiffs have appealed.

The question involved is to be determined from the construction of the restrictive covenant found in the following paragraph in the special printed forms of land contract used in the sale of the lots:

"It is mutually understood and agreed that this agreement is subject to and conditioned upon the following use and building restrictions relating to said Doran's LaSalle Boulevard Annex subdivision, to-wit: No lot in said subdivision shall be used for other than residence purposes except lots fronting on Linwood avenue, which may be used for business purposes.     No structure shall be built, erected or moved on to any such lot other than a private single dwelling, a double house, or a two-family apartment house, together with necessary outbuildings, except on lots fronting on Linwood avenue, on which may be built stores.     Any such dwelling, double house or duplex house shall be at least two stories in height, shall be of brick, brick veneer, stucco, or stone or combinations thereof, shall not have a flat roof and shall not be nearer than 25 feet to the front lot line.     The minimum cost of such buildings shall be as follows: Single house, $5,000; two-family apartment, $6,000; double house, $7,000; except as to lot 59, and lots 107 to 113, both inclusive, where the minimum cost shall be: Single house, $4,000; two-family apartment, $5,000; double

house, $6,000.    Store buildings on Linwood avenue shall be only of brick, brick veneer, or stone construction and must be at least two (2) stories in height.    No cement blocks shall be used in the construction of any building in said subdivision, except for foundation walls.    No residence buildings shall be set nearer than two (2) feet to either side line of any lot in said subdivision, excepting the alley side lines.    The made grade shall not be more than twenty inches above sidewalk grade.    Projections forming part of the body of the building are to be construed as part of the house and must be set within the building line; porches and steps will not be construed as a part of the building and may be set over the building line.    All fences must be of wire construction and may not extend nearer to the front lot line than the building line.    *Lots 20, 59, 60 and 62 are hereby excepted.*    It is further agreed that said restrictions shall be of full force and effect until January 1, 1960."

It is the plaintiffs' contention that the sentence "Lots 20, 59, 60 and 62 are hereby excepted," modifies and refers only to the nearest preceding sentence, viz., "All fences must be of wire construction and may not extend nearer to the front lot line than the building line;" and that in other respects lots 20, 59, 60 and 62 are subject to the same restrictions as the other lots.    The defendants contend that the exception refers to the entire restrictive covenant and that the four lots in question are expressly excluded from the building restrictions imposed on the other lots.

We adopt as our own the following opinion of the learned circuit judge, which we think correctly disposes of the question in issue.

"Without attempting a review of the testimony in this case I may simply say that in my opinion the clause excepting lots 20, 59, 60 and 62 is not ambiguous.    It is the next to the last clause of the paragraph, and is set off from the clause preceding it and

228—Mich.—8.

that following it by periods.    It must be read as a part of the entire paragraph beginning with the words, 'It is mutually understood and agreed that this agreement is subject to and conditioned upon the following use and building restrictions,' and not as a part simply of the clause in this paragraph which immediately precedes it and reads, 'All fences must be of wire construction and may not extend nearer to the front lot line than the building line.'    When read as a sentence in the paragraph (which the punctuation shows it to be) it means that lots 20, 59, 60 and 62 are excepted from the building restrictions.

"Plaintiffs, however, insist that the meaning is ambiguous and resort must be had to accompanying facts and circumstances and parol testimony in order to aid in the construction.    If resort is to be had to such aids, then it very clearly appears that these four lots had already been contracted to be sold with restrictions the same as those in plaintiffs' deeds, except that four and six-family apartments were permitted.    It is evident from this fact that the grantors did not have in mind that the lots in question were only to be excepted from the wire-fence requirement, but intended to exempt them from the building restrictions contained in the entire paragraph.    As already indicated, I am of the opinion that the language and punctuation is apt to accomplish this purpose.

"The defendants in purchasing from the original contract holders, in my opinion acquired the same rights to build (and no more) as these contract holders had, because the restrictions run with the land.

"In a certain sense it may be said that there was a general plan regarding this subdivision.    This general plan called for stores on Linwood, single and two-family residences on all other lots, except 20, 59, 60 and 62 and on these lots single, two, four or six-family apartments.    Defendants are building a four-family apartment and therefore are entitled to continue its erection.    The decree, however, should definitely restrict the use of the four lots in question to the same purposes set out in the contracts of the original contract holders and to this extent protect

the rights of the plaintiffs who are owners in the subdivision."

A decree will be entered in this court in accordance with the above opinion.    The defendants will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.